O’MALLEY, Circuit Judge,
concurring.
I agree with the majority’s well-reasoned analysis and with the judgment it reaches. I write separately only to note that, if the regulation here were deemed sufficiently ambiguous to require application of Auer deference, I believe this is a case in which the wisdom of continued *1367 adherence to that principle should be reconsidered. See Auer v. Robbins, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997).
Several Supreme Court Justices have recently expressed an interest in revisiting the propriety of the principles set forth in Auer and in Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). Decker v. Nw. Envtl. Def. Ctr., —- U.S. —, 133 S.Ct. 1326, 1339, 185 L.Ed.2d 447 (2013) (Scalia, J., concurring-in-part, dissenting-in-part) (“For decades, and for no good reason, we have been giving agencies the authority to say what their rules mean, under the harmless-sounding banner of ‘defer[ring] to an agency’s interpretation of its own regulations.’” (citing Talk Am., Inc. v. Mich. Bell Tel. Co., 564 U.S. 50, 131 S.Ct. 2254, 2265, 180 L.Ed.2d 96 (2011) (Scalia, J., concurring))). Chief Justice Roberts, writing for himself and Justice Alito in Decker, recognized that: (1) “[questions of Seminole Rock and Auer deference arise as a matter of course on a regular basis;” and (2) “there is some interest in reconsidering those cases.” Decker, 133 S.Ct. at 1339 (Roberts, C.J., concurring).
While some level of deference may be appropriate, there is a concern that “deferring to an agency’s interpretation of its own rule encourages the agency to enact vague rules which give it the power, in future adjudications, to do what it pleases. This frustrates the notice and predictability purposes of rulemaking, and promotes arbitrary government.” Talk Am., 131 S.Ct. at 2266 (Scalia, J., concurring). I agree with Justice Sealia’s concerns that:
however great may be the efficiency gains derived from Auer deference, beneficial effect cannot justify a rule that not only has no principled basis but contravenes one of the great rules of separation of powers: He who writes a law must not adjudge its violation.
Decker, 133 S.Ct. at 1342 (Scalia, J., concurring-in-part, dissenting-in-part).
Questions regarding the appropriate level of deference given to an agency’s interpretation of its own regulation are even more complex in the veterans’ benefit context, where the Supreme Court has “long applied the canon that provisions for benefits to members of the Armed Services are to be construed in the beneficiaries’ favor.” See Henderson v. Shinseki, 562 U.S. 428, 131 S.Ct. 1197, 1206, 179 L.Ed.2d 159 (2011) (citation and internal quotation marks omitted); see also Brown v. Gardner, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (noting that “interpretive doubt is to be resolved in the veteran’s favor”). Where there is a conflict between an agency’s reasonable interpretation of an ambiguous regulation and a more veteran-friendly interpretation, it is unclear which interpretation controls. See Linda D. Jel-lum, Heads I Win, Tails You Lose: Reconciling Brown v. Gardner’s Presumption that Interpretive Doubt Be Resolved in Veterans’ Favor with Chevron, 61 Am. U.L.Rev. 59, 77 n. 141 (2011) (“If an agency’s interpretation of its regulation must be ‘plainly wrong’ before the court can reject that interpretation, there can be little place for Gardner’s [veteran-friendly] Presumption; the VA’s interpretation would have to be plainly wrong before it was rejected.”).
The majority here cites Seminole Rock and Auer — which are binding Supreme Court precedent — and explains that deference to an agency’s interpretation of its own regulation is warranted only when the language of the regulation is ambiguous. Because I agree with the majority that 38 *1368 C.F.R. § 3.321(b)(1) is unambiguous — and thus there is no need to apply Auer deference — I join the majority’s decision. I note, however, that the validity of Auer deference is questionable, both generally and specifically as it relates to veterans’ benefit cases.